IN THE MATTER OF THE ESTATE OF ANNA POSCHL, DECEASED.

Ocean County Court
Probate Division

Decided May 13, 1966.

*Mr. George S. Fischler* for plaintiff (*Messrs. Clapp & Eisenberg,* attorneys).

*Joseph T. Maloney,* for defendants.

LARRABEE, J. C. C. Anna Poschl and Andrew Poschl executed identical wills. Anna's will named her husband Andrew as executor and left him the remainder of the estate. She also expressed a wish that Andrew should give whatever is left of her estate on Andrew's death to "go to and be equally divided between my two sons." Anna had no natural sons, only Charles and Joseph, sons of Andrew by a former marriage.

After Joseph's death, Andrew revised his will requiring his wife to give Charles whatever was left of Andrew's estate upon Anna's death, and providing that the diner should not be sold until ten years subsequent to Andrew's death. He further revised his will on October 11, 1963 to give his grandson Joseph $500.

Andrew Poschl died February 1, 1965 and Anna Poschl died July 25, 1965. Anna left five next of kin.

Plaintiff Charles Poschl contends that the will of Anna Poschl should be construed as naming him the sole residual beneficiary. He contends that the rationale of Judge Clapp in the case of *In re Klein's Estate,* 36 *N. J. Super.,* at *p.* 415 (*App. Div.* 1955), in that the criterion is simply probability of intention and that a provision should be implied designating Charles as the residuary legatee.

This court conceives that Judge Clapp considered the test of probability of intention to be all important and that the two elements of the Lord Eldon rule need not be applied. These two conditions were: first, that there must be an oversight on the testatrix's part with respect to a matter of expression, not with respect to ideas, and second, that the court must be convinced that the will contains a fragment of the testator's actual intentions from which it can see the contours of that which is not stated.

Certainly, plaintiff's contentions involve an extension of an idea. The fragments to determine testatrix's intentions are substantial. In view of the ever stronger policy against intestacy and the facts of the case, the court believes that

the will should be construed in accordance with plaintiff's contentions.

Anna Poschl never mentioned her next of kin in the will. Although Charles was not her natural son, she obviously considered him to be the equivalent of a natural son. She had raised him from the age of twelve to nineteen and he had worked in the family business continuously from the time that he was a young man. The facts indicate that he was the natural object of her bounty. Even after his marriage, social and business contacts were maintained.

On the other hand, of her five next of kin, one lives in Seaside Heights, New Jersey, a town distant approximately ten miles from the Poschl home and diner and the others live in Czechoslovakia. Obviously no close relationship could have been maintained with four of the five and the stipulation of facts is silent with regard to any social or business relationship with her brother in Seaside Heights, or her other next of kin.

The provisions that she did insert in her will indicate that she desired to have her stepsons succeed to her bounty. Naturally, she placed her husband first in line and importance. But the turn of events eliminated both Andrew and Joseph at the time of Anna's death. The court has no hesitation in arriving at the conclusion that Anna intended that Charles should be the residual beneficiary.

Proof is offered that Anna refused to make a new will after Andrew died. This proof does not influence the court because it is not known why she refused. To attach meaning to her refusal would be pure speculation.